<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4314**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE SANCHEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Roger W. Titus, Senior District Judge. (8:12-cr-00029-RWT-1)

Submitted:   September 5, 2014        Decided:   September 12, 2014

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant.   Rod J. Rosentein, United States Attorney, Nicolas A. Mitchell, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe Sanchez appeals the district court's judgment revoking his supervised release and imposing a sentence of six months in prison and no further supervised release. On appeal, he argues that his sentence is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In exercising such discretion the court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Id. at 641. While a district court must explain its sentence, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States

2

v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence unreasonable must we decide whether it is plainly so. Id. at 657. We presume a sentence within the Chapter Seven policy statement range is reasonable. Webb, 738 F.3d at 642.

We have reviewed the record and conclude that Sanchez's sentence is both reasonable and within the statutory maximum. The district court correctly calculated his Chapter Seven policy statement range as three to nine months and reasonably determined a sentence in the middle of the range was appropriate. On appeal, Sanchez contends that the court failed to adequately explain the sentence and that it is both procedurally and substantively unreasonable. We disagree.

Sanchez had previously had his probation revoked for violating his release conditions. The district court explained that it was concerned that he was back before the court again on more violations and was not taking his obligations seriously, and the court found the goals of the sentencing statute would not be served by granting his request to serve home confinement on weekends. The court further found that a sentence at the low end of the policy statement range would not be appropriate based on his repeated violations, but a sentence in the middle of the range was reasonable. It was appropriate for the court to take into account not only the severity of the violations but also their number and his pattern of refusing to abide by his release

3

conditions, <u>see</u> <u>Moulden</u>, 478 F.3d at 658, and Sanchez has not rebutted the presumption that his sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>